**United States District Court**
For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   CHRISTOPHER V. LANGONE,                    No. C 12-04671 JSW

10          Plaintiff,                         **ORDER GRANTING MOTION and
                                               STIPULATION TO RELATE;**
11     v.                                      **DENYING MOTION TO STAY;
                                               AND ORDER SETTING HEARING**
12   DEL MONTE CORP CORPORATION, et al.,       **DATE ON PENDING MOTIONS**

13          Defendants.

14   _____/

15          On December 18, 2012, Plaintiff filed a motion for administrative relief to relate cases

16   pursuant to Civil Local Rule 3-12 and to consolidate cases pursuant to Federal Rule of Civil

17   Procedure 42(a). (Docket No. 6). Plaintiff asks the Court to relate this case with *Ruff v. Del*

18   *Monte Corporation, et al.*, 12-CV-05251-SC and *Funke v. Del Monte Corporation, et al.*, 12-

19   CV-05323-MEJ. On that same date, Plaintiff filed a stipulation and proposed order to relate the

20   *Langone, Ruff,* and *Funke* cases. (Docket No. 7.) That stipulation was signed by all parties

21   who had appeared in those three actions.[1] Defendants, Del Monte Corporation and Milo's

22   Kitchen LLC, however declined to stipulate to consolidate the cases, have opposed the request

23   to consolidate (*see* Docket No. 15), and have moved to stay consideration of the motion to

24   consolidate pending rulings on motions to dismiss that have been filed in the *Ruff* and *Funke*

25   cases. (*See* Docket No. 16.) The Plaintiffs in *Langone, Ruff,* and *Funke* have filed an

26   opposition to the motion to stay. (Docket No. 22.)

27

28
     _____

        [1]     Plaintiff Langone also named as Defendants Kroger Co. and King Supers Inc.
     Neither Kroger no King Supers has appeared in this action and it is not clear that they have
     been served with the complaint or any of the pending motions.

In light of the parties stipulation to *relate* these cases, the Court GRANTS, IN PART, the administrative motion to relate and GRANTS the stipulation to relate the *Langone*, *Ruff*, and *Funke* cases. (Docket Nos. 6, 7.) The *Ruff* and *Funke* cases shall be reassigned to the undersigned Judge. Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case is VACATED and shall be rescheduled by the Court *after* it has resolved the pending motions. All previously scheduled dates for hearing noticed motions are VACATED, and shall be rescheduled as set forth in the remainder of this Order.

The Court now turns to the pending motions. Plaintiffs' administrative motion to consolidate is not a proper subject of an administrative motion. Because Defendants have filed an opposition, the Court shall not deny the motion on procedural grounds. Plaintiffs shall file a reply to the motion to consolidate by no later than February 8, 2013.

The Court also has considered Defendants' motion to stay. Although Defendants have not yet filed a reply, Plaintiffs have opposed that motion. The Court finds that, in the interests of judicial efficiency and economy, *all* pending motions should be heard and considered on the same date. Accordingly, the Court DENIES the motion to stay a ruling on the motion to consolidate. (Docket No. 16.)

The Court shall consider Plaintiffs' motion to consolidate in conjunction with the motions to transfer and to dismiss in the *Ruff* case (Docket No. 17) and the *Funke* case (Docket No. 6) on Friday, April 12, 2013 at 9:00 a.m. **Defendants do not need to re-file or re-notice these motions.** If Defendants file a motion to transfer and to dismiss in this, the *Langone*, case, they shall notice that motion for hearing on April 12, 2013.

It is FURTHER ORDERED that Plaintiffs' oppositions to the motions to transfer and to dismiss in the *Ruff* and *Funke* cases shall be due by February 15, 2013, and Defendants' replies shall be due by February 22, 2013. If Defendants file a motion to transfer and to dismiss in this case, Plaintiffs' opposition and Defendants reply shall be due in accordance with the deadlines set forth in Northern District Civil Local Rule 7-3.

1    The Court also ADVISES the parties that, with the exception of motions for summary

2    judgment, it does not follow the page limitations set forth in Civil Local Rules 7-2(b) and 7-

3    3(a). *See* Civil Standing Order, ¶ 7. Any motions that are already on file and that do not

4    conform with the Court's page limitations shall be exempted from these requirements. If any

5    party seeks to exceed the page limitations for an opposition or reply brief or for a motion that

6    has yet to be filed, they must submit motion for administrative relief, or a stipulation, for leave

7    to file an oversized brief that shows good cause for the request. Any such motion or stipulation

8    must be filed in advance of the date on which the brief is due, in order to give an opposing party

9    time to respond and to give time to the Court to rule on the request.

10   Finally, if any party seeks to extend a deadline set by this Order or seeks to continue the

11   hearing date, they must submit a motion for administrative relief, or a stipulation, showing good

12   cause for the request. Any such motion or stipulation must be filed in advance of the date on

13   which the brief is due, in order to give an opposing party time to respond and to give time to the

14   Court to rule on the request.

15   **IT IS SO ORDERED.**

16

17   Dated: January 24, 2013                    _____

18                                               JEFFREY S. WHITE
                                                 UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28