**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXINE RUFF, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DEL MONTE CORPORATION d/b/a DEL MONTE FOODS and MILO'S KITCHEN, LLC,<br><br>    Defendants.<br>_____/ | No. C 12-05251 JSW<br>No. C 12-05323 JSW<br><br>**ORDER GRANTING MOTIONS TO TRANSFER, DENYING WITHOUT PREJUDICE MOTIONS TO DISMISS, AND DENYING WITHOUT PREJUDICE MOTION TO CONSOLIDATE** |
| MARY EMILY FUNKE, Individually and on behalf of all others similarly situated,<br><br>    v.<br><br>DEL MONTE CORPORATION and MILO'S KITCHEN, LLC,<br><br>    Defendants.<br>_____/ | |

**INTRODUCTION**

This matter comes before the Court upon consideration of the motions to transfer or, in the alternative, to dismiss, filed by Defendants, Del Monte Corporation ("Del Monte") and Milo's Kitchen, LLC ("Milo's Kitchen") (collectively "Defendants"). The parties have also asked, by way of stipulation, and the Court has agreed to consider a motion to consolidate these actions, which was filed in a related case, *Langone v. Del Monte Corporation*, 12-CV-4671-

JSW.[1] (*See Ruff v. Del Monte Corporation*, 12-CV-5251-JSW (hereinafter "*Ruff*"), Docket No. 32-2.)

The Court has considered the parties' papers, relevant legal authority, and the record in these cases, and it finds the motions suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for April 12, 2013, and it HEREBY GRANTS the motions to transfer.

**BACKGROUND**

On October 10, 2012, Plaintiff, Maxine Ruff ("Ms. Ruff"), a resident of North Carolina, filed a putative class action complaint against Del Monte and Milo's Kitchen, in which she asserts claims for: (1) violations of California's Unfair Competition Law ("California UCL"), California Business and Professions Code Sections 17200, *et seq.*; (2) violations of North Carolina's Unfair and Deceptive Trade Practices Act, North Carolina General Statutes Section 75-1.1; (3) violations California's False Advertising Law ("FAL"), California Business and Professions Code Sections 17500, *et seq.*; (4) violations of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code Section 1750, *et seq.*; (5) violations the Magnuson-Moss Warrant Act ("MMWA"), 15 U.S.C. Section 2301, *et seq.*; (6) unjust enrichment; (7) negligence; (8) products liability; and (9) declaratory relief. (*See generally Ruff*, Docket No. 1 ("*Ruff* Compl.").)

On October 16, 2012, Plaintiff, Mary Emily Funke ("Ms. Funke"), a California resident, filed a putative class action complaint against Del Monte and Milo's Kitchen, in which she asserts claims for: (1) violations of the CLRA; (2) violations of the FAL; (3) violations of the California UCL; and (4) unjust enrichment. (*See Funke v. Del Monte Corporation*, 12-CV-5323 ("*Funke*"), Docket No. 1 ("*Funke* Compl.").)

Ms. Ruff and Ms. Funke (collectively "Plaintiffs," unless otherwise noted) premise their claims on allegations that Defendants made false and misleading representations relating to Milo's Kitchen Chicken Jerky Dog Treats (the "Dog Treats"). In brief, Plaintiffs contend that Defendants represented that the Dog Treats were wholesome and nutritious when, in fact, the

---

[1] On February 21, 2013, the plaintiff in *Langone* voluntarily dismissed his case.

2

Dog Treats were contaminated. Plaintiffs also contend that Del Monte and Milo's Kitchen knew the Dog Treats were contaminated and failed to warn Plaintiffs and the putative class. Plaintiffs purchased the Dog Treats based on the representations that the treats were nutritious and wholesome. However, after they fed the Dog Treats to their dogs, their dogs became sick and died. (*See generally Ruff* Compl. ¶¶ 1-5, 13-17, 20, 29-30; *Funke* Compl. ¶¶ 1-5, 13-20, 38-42.)

Ms. Ruff seeks to represent a class of "[a]ll persons in the United States who purchased Milo's Kitchen Jerky dog treats ... for their own or personal, household, or family use, rather than for resale or distribution," as well as two proposed sub-classes. (*Ruff* Compl. ¶ 38.) Ms. Funke also seeks to represent a class of "[a]ll persons in the United States who purchased Milo's Jerky at any time from 2007 to the present," as well as four sub-classes. (*Funke* Compl. ¶¶ 43, 45.)

Plaintiffs were not the first to bring these types of claims against Defendants for injuries resulting from the allegedly contaminated Dog Treats. On July 19, 2012, Lisa Mazur ("Ms. Mazur") filed suit against the Defendants in the United States District Court for the Western District of Pennsylvania (the "*Mazur* case"). Ms. Mazur has asserted claims against Defendants for: (1) breach of implied warranty under the Uniform Commercial Code ("UCC") and the MMWA; (2) breach of express warranty under the UCC; (3) violations of Pennsylvania's Unfair Trade Practices Act and Consumer Protection Law; (4) common law fraud; (5) unjust enrichment; (6) negligence; (7) strict products liability (defective design or manufacture); and (8) strict products liability (failure to warn). Ms. Mazur also seeks to represent a nationwide class of persons who purchased the Dog Treats on most of these claims. (*See Ruff*, Docket No. 8-1, Declaration of Michael J. Partos ("Partos Decl."), Ex. A (*Mazur* Complaint).)

Defendants now move to transfer the *Ruff* and the *Funke* cases to the Western District of Pennsylvania, where the *Mazur* case is pending. In the alternative, Defendants move to dismiss the *Ruff* and *Funke* cases under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs move to consolidate the *Ruff* and *Funke* cases pursuant to Federal Rule of Civil Procedure 42.

**ANALYSIS**

Defendants move to transfer both the *Ruff* and the *Funke* cases pursuant to 28 U.S.C. Section 1404(a). Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally, for the convenience of the parties and witnesses, and in the interest of justice. The burden is on the moving party to demonstrate that the action should be transferred. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In order for a district court to transfer an action under Section 1404, the court must find that the transferee court is one where the action "might have been brought." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). The parties agree that these cases could have been brought in the Western District of Pennsylvania. Thus, Defendants have met their burden under the first prong.

Under Section 1404(a), the Court also must find that the convenience of the parties and witnesses and the interest of justice favor transfer. *See id.* Defendants' arguments about the convenience of parties and witnesses and the interests of justice are based upon the "first-to-file" rule. Under the generally recognized doctrine of federal comity, a district court may decline jurisdiction over an issue that is properly before another district court. *Kerotest Manufacturing Co. V. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 185-86 (1952). The purpose of comity is of paramount importance. *Church of Scientology of California v. United States Department of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). The doctrine of comity is designed to promote judicial efficiency by avoiding any unnecessary burden on the federal judiciary and by avoiding duplicative or conflicting judgments. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *see also Church of Scientology*, 611 F.2d at 750.

Normally, sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should

4

try the lawsuit and "no purpose would be served by proceeding with a second action." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). However, the "first to file" rule is not rigid or inflexible, rather, it is "to be applied with a view to the dictates of sound judicial administration." *Id.* For example, a court may decline to apply the rule where there is a showing of bad faith, forum shopping, or an anticipatory suit. *Alltrade*, 946 F.2d at 628.

> A court may also relax the "first to file" rule if the balance of convenience weighs in favor of the later-filed action. While the *Alltrade* court cautioned that the respective convenience of the two courts normally "should be addressed to the court in the first filed action," rather than to the court in the later filed action, ... it observed that '[i]n appropriate cases it would be relevant for the court in the the second-filed action to give consideration to the convenience of the parties and witnesses."

*Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) (quoting *Alltrade*, 946 F.2d at 628). Although the rule should not be disregarded lightly, the "most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade*, 946 F.2d at 625, 628.

To determine whether the first-to-file rule should apply, a court must examine three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade*, 946 F.2d at 625-26; *Pacesetter*, 678 F.2d at 95; *Ward*, 158 F.R.D. at 648. Each of these three factors weigh in favor of applying the first-to-file rule. First, it is undisputed that the *Mazur* case was the first of these three cases filed. Second, although there are three different plaintiffs, Defendants are named in all three suits. Further, all three plaintiffs bring their claims on behalf of nationwide classes that are substantially similar in scope. Thus, the parties are substantially similar. *See Adoma v. University of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) (noting that proposed classes were similar in evaluating similarity of parties). Third, the issues in each of the three cases are similar. Each of the three cases raise similar claims based on allegations that the Defendants misrepresented the wholesome nature of the Dog Treats and failed to adequately warn consumers of the alleged dangers involved.

The Court also has considered the traditional Section 1404(a) convenince factors: (1) plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to

sources of proof; (4) local interest in the controversy; (5) familiarity of each forum with the applicable law; and (6) relative congestion in each forum. *See Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). In addition to these convenience factors, the Court considers whether transferring the action would serve the interests of justice. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Pratt v. Rowland*, 769 F. Supp. 1128, 1133 (N.D. Cal. 1991) (holding that the interests of justice "may be decisive in ruling on a transfer motion").

The Court is aware that, in its discretion, it could relax the first-to-file rule if the traditional Section 1404(a) factors weighed against transfer. The Court, however, finds *Johansson v. Central Garden & Pet Co.*, 2010 WL 4977725 (N.D. Cal. Dec. 2, 201) instructive. For the reasons articulated in that case, and when the Court considers the potential for conflicting rulings, duplicative discovery, and the potential costs to the parties and to potential witnesses, the Court declines to exercise its discretion to relax the first-to-file rule in this case. *See Johansson*, 2010 WL 4977725, at *3-*5 (granting motion to transfer putative class action under Section 1404(a) to district where other putative class actions pending).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to transfer. The Court denies, without prejudice, Defendants' alternative motions to dismiss, and it denies, without prejudice, Plaintiffs' motion to consolidate. The parties are free to raise those issues before the court presiding over the *Mazur* case. The Clerk shall transfer these actions to the Western District of Pennsylvania forthwith, and it shall close these files.

**IT IS SO ORDERED.**

Dated: April 9, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6